IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10212
Summary Calendar
_____

DANIEL RODRIGUEZ-ROSAS,

                                        Plaintiff-Appellant,

versus

ANDREW M. CUOMO, SECRETARY, U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:97-CV-664-Y)

_____

July 14, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     The district court granted Appellee Cuomo's motion for summary judgment in this Title VII case.  Appellant Rodriguez-Rosas argues on appeal that the district court abused its discretion in granting Cuomo's motion for continuance; that the district court abused its discretion in sanctioning Rodriguez-Rosas for failing to appear at a settlement conference; that the district court erred in striking Rodriguez-Rosas's documents in support of his motion for summary judgment; and that the district court erred in granting Cuomo's

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for summary judgment. Finding that these arguments lack merit, we AFFIRM.

First, we review for an abuse of discretion the district court's decision to grant Cuomo a continuance, *see Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986), and we find no evidence demonstrating that the court abused its discretion in granting Cuomo's motion. We also review the district court's sanction order for an abuse of discretion. *See Scaife v. Associated Air Center, Inc.*, 100 F.3d 406, 409 (5th Cir. 1996). The sanction order was consistent with FRCP 16(f) and was not an abuse of discretion. Finally, Rodriguez-Rosas urges that the district court erred in striking documents he submitted in support of his motion for summary judgment and in granting Cuomo's motion for summary judgment. We conclude that the documents were properly excluded, but, even if the district court had considered the documents that Rodriguez-Rosas maintains were erroneously excluded, the court's grant of summary judgment in favor of Cuomo was proper. Rodriguez-Rosas did not establish a prima facie case of a retaliation or a hostile work environment claim, and he did not demonstrate that the nondiscriminatory reason offered by Cuomo for Rodriguez-Rosas's treatment was in fact pretextual.

AFFIRMED.